UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHERRI FLEMING,

                              Plaintiff,

v.                                              Civil Action No. _____

AEGIS RECEIVABLES MANAGEMENT, INC.,
AN AEGIS COMMUNICATIONS COMPANY
F/K/A GLOBAL VANTEDGE, INC.

                              Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Sherri Fleming is a natural person residing in the County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant Aegis Receivables Management, Inc., an Aegis Communications Company f/k/a Global Vantedge, Inc. (hereinafter "Aegis") is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

1

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

### IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a debt to Credit One Bank. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief, Defendant was employed by Credit One Bank to collect on the subject debt.

13. That in or about January, 2010, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. That on or about January 22, 2010, Defendant contacted Plaintiff on her cellular telephone. Plaintiff answered the call and Defendant did not say a word. Plaintiff stayed on the phone for a minute and when only dead air was heard, Plaintiff terminated the call.

15. That on or about January 25, 2010, Defendant called Plaintiff twice on her cellular telephone. Plaintiff answered both of Defendant's calls and Defendant did not say a word, only dead air was heard. Plaintiff terminated both calls after no one responded.

16. That on or about January 26, 2009, Defendant called Plaintiff twice on her cellular telephone. Plaintiff answered both of Defendant's calls and Defendant did not say a word, only dead air was heard. Plaintiff terminated both calls after no one responded.

17. That in or about February, 2010, Defendant continued calling Plaintiff multiple times per week, often multiple times per day, and increased the frequency of such calls. Defendant would call Plaintiff 4 to 5 times a day, for approximately five days. Then Defendant would stop calling Plaintiff for a couple of days, only to resume calling 4 to 5 times per day. Defendant's cycle of excessive calls to Plaintiff continued until March, 2010.

18. That on or about March 4, 2010, Defendant called Plaintiff at 2:43pm, 3:56pm, 4:10pm, 4:22pm, and at 4:34pm, for a total of five times in two hours. When the five calls came

in to Plaintiff's cellular telephone, she was at work and it was an inconvenient time to contact her.

19. That on or about March 16, 2010, Defendant contacted Plaintiff on her cellular telephone. Plaintiff answered the call and Defendant did not say a word. Plaintiff stayed on the phone for a minute and when only dead air was heard, Plaintiff terminated the call.

20. That on or about March 19, 2010, Defendant contacted Plaintiff on her cellular telephone. Plaintiff answered the call and Defendant did not say a word. Plaintiff stayed on the phone for a minute and when only dead air was heard, Plaintiff terminated the call.

21. That on or about March 22, 2010, Defendant contacted Plaintiff on her cellular telephone. Plaintiff answered the call and this time, spoke to Defendant. During said conversation, Plaintiff requested that Defendant stop calling her on her cellular telephone.

22. That on or about March 22, 2010, approximately 20 minutes after the conversation that is reiterated in Paragraph 21, Defendant again contacted Plaintiff on her cellular telephone. Defendant asked for Plaintiff, and Plaintiff responded, "Didn't I just tell you not to call me again?" Defendant thereafter hung up on Plaintiff.

23. That in or about March, 2010, Plaintiff received her first letter from Defendant dated March 5, 2010. In the subject letter, Defendant only offers Plaintiff a proposed settlement of the subject debt. The letter does not contain the required 30 day validation notice. That prior to receiving the letter dated March 5, 2010, Plaintiff did not receive any other mailings from Defendant.

24. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

25. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 24 above.

26. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

   B. Defendant violated 15 U.S.C. §1692g by failing to send Plaintiff the required 30 day validation notice within five days of the initial communication.

C. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at an unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer by calling her while she was at work.

27. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 2, 2010

/s/ Kimberly T. Irving
Kenneth R. Hiller, Esq.
Kimberly T. Irving, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
          kirving@kennethhiller.com